IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-334-BO-RN

OAK GROVE TECHNOLOGIES, LLC,  )
          Plaintiff,  )
                                    )
v.  )          O R D E R
                                    )
MONER ATTWA,  )
          Defendant.  )

This cause comes before the Court on plaintiff's motion for preliminary injunction. Defendant has responded, plaintiff has replied, and a hearing on the motion was held before the undersigned on July 28, 2023, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion for preliminary injunction is denied.

## BACKGROUND

Plaintiff instituted this action by filing a complaint in Wake County, North Carolina Superior Court. Defendant removed the matter to this Court on the basis of its diversity jurisdiction. Plaintiff alleges claims for breach of contract, preliminary and permanent injunction, civil embezzlement, and fraud/conversion/breach of fiduciary duty. Plaintiff's claims arise out of defendant's former employment by plaintiff and it alleges the following facts.

Plaintiff, Oak Grove, provides business and training solutions for government and corporate clients. In 2014, Oak Grove hired defendant, Attwa, as Chief Financial Officer/Chief Operations Officer. As part of his employment, Attwa signed an employment agreement which provided, among other things, that within ten days of the conclusion of his employment Attwa would return all Oak Grove proprietary information to Oak Grove.

Attwa's employment with Oak Grove ended in April 2023. Oak Grove alleges that Attwa retained a laptop, cell phone, cell phone number, other electronic devices, and a Dropbox account which Attwa had transferred from Oak Grove's to his own personal use. On May 11, 2023, Oak Grove sent a demand letter to Attwa which directed him to return all Oak Grove property to Oak Grove within ten days. Attwa did not do so, but he has provided to his counsel the devices which Oak Grove seeks to have returned.

Oak Grove further alleges that while employed by Oak Grove Attwa wrongfully diverted at least $17,000 of Oak Grove funds to himself; Attwa later agreed to return this amount but has not done so. Additionally, while an employee, Attwa allegedly wired $224,000 in Oak Grove funds to facilitate the purchase of a Ferrari.

In its motion for preliminary injunction, Oak Grove asks the Court to require Attwa to return all Oak Grove property in his possession, including the Dropbox account, phone number, Oak Grove documents, and Oak Grove electronic devices. In the alternative, Oak Grove asks the Court to enjoin defendant from using or accessing Oak Grove property, and to turn it over to his counsel for preservation during the pendency of this litigation.

In response to Oak Grove's motion, Attwa states that all devices from Oak Grove are in possession of his counsel. Attwa is not using the Dropbox account. Attwa further contends that Oak Grove transferred the cell phone number to Attwa in April 2023 and that it has been Attwa's personal cell phone number since 2014.

## DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on

2

the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009). Typically, a preliminary injunction is entered in order to preserve the status quo ante. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citation omitted). Mandatory preliminary injunctions, on the other hand, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Id.*

Oak Grove's motion fails because it cannot show that it will suffer irreparable harm in the absence of preliminary relief. As noted above, all of the devices about which Oak Grove complains are in the possession of Attwa's counsel and Attwa is not using the Dropbox account. That Attwa has complied in large part with the alternative relief requested in the preliminary injunction motion weighs against any finding of irreparable harm. *See JTH Tax, Inc v. Its Fin., LLC*, No. 2:08CV271, 2008 WL 11512368, at *3 (E.D. Va. Dec. 15, 2008). Oak Grove does not allege, nor has it argued, that Attwa has retained trade secrets or sensitive personal information of its employees. Rather, it relies on its good faith belief that the Dropbox account contains unspecified confidential information. Oak Grove also cites damage it may suffer in its customer relationships if Attwa receives phone calls intended for Oak Grove, but it has cited no examples of customer or client confusion or any meaningful deprivation of access to current or prospective clients. Attwa has proffered evidence that he has received one phone call intended for Oak Grove, about which he promptly informed Oak Grove. "Irreparable harm must be 'neither remote nor speculative, but actual and imminent.'" *Update, Inc. v. Samilow*, 311 F. Supp. 3d 784, 795–96 (E.D. Va. 2018) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991)).

3

At bottom, Oak Grove alleges injuries which are compensable, and it has not specifically alleged or proffered evidence of any harm for which monetary damages would not be adequate. *See Samilow*, 311 F. Supp. 3d at 795–96. It has therefore failed to demonstrate irreparable harm, and it is not entitled to the extraordinary and drastic relief of a preliminary injunction.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunction [DE 6] is DENIED. Plaintiff's motion to seal [DE 16] the affidavit by Attwa at [DE 15] is GRANTED for the reasons stated therein.

SO ORDERED, this **31** day of **July** 2023.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE