IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-334-BO-RN

| | |
|---|---|
| OAK GROVE TECHNOLOGIES, LLC, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONER ATTWA, )<br>Defendant. ) | O R D E R |

This cause comes before the Court on plaintiff's second motion for preliminary injunction. Defendant has responded, plaintiff has replied, and a hearing on the motion was held before the undersigned on January 2, 2024, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion for preliminary injunction is granted. Also pending and ripe for review is plaintiff's motion to dismiss defendant's counterclaims. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein its recitation of the factual background contained in its order denying plaintiff's first motion for preliminary injunction. [DE 19]. At bottom, this is a dispute between an employer, plaintiff, and its former employee, defendant.

## DISCUSSION

I. Motion for preliminary injunction

The Court denied an earlier motion for preliminary injunction filed by plaintiff ("Oak Grove") after concluding that it had not demonstrated that it was likely to suffer irreparable harm

in the absence of an injunction. Specifically, the Court found that Oak Grove's belief that defendant ("Attwa") withheld confidential materials was speculative. In this second motion, Oak Grove contends that it has discovered, through the course of separate litigation proceeding in the United States District Court for the Southern District of New York, that Attwa has retained electronic copies of approximately 98,000 emails and attachments, many of which include sensitive personal information regarding Oak Grove's employees as well as confidential business information. Oak Grove seeks a mandatory preliminary injunction requiring Attwa to destroy his copy of the approximately 98,000 emails and attachments which he retained.

In opposition, Attwa responds that the documents at issue have been produced in discovery and are subject to a stipulated protective order entered in the Southern District of New York litigation, there is no risk of irreparable harm, and Oak Grove is not likely to succeed on its breach of contract claim. Attwa further contends that the balance of equities tips in his favor because granting the injunction would prevent Attwa from using and relying on certain emails to refute allegations made by Oak Grove.

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009). Typically, a preliminary injunction is entered in order to preserve the status quo ante. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citation omitted). Mandatory preliminary injunctions, on the other hand, "do not

2

Case 5:23-cv-00334-BO-RN   Document 34   Filed 01/08/24   Page 2 of 7

preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Id.*

Oak Grove's breach of contract claim is premised on Attwa's unauthorized retention of company documents in violation of his employment agreement. Compl. ¶ 20. The employment agreement provided that Attwa would return or destroy all proprietary information he received during his employment, including copies thereof, within ten days of the termination of the employment agreement. [DE 1-3 p. 9]. Oak Grove alleges that following the termination of Attwa's employment, Oak Grove sent a demand letter to Attwa requesting the return of all company property, and Attwa failed to comply. Compl. ¶ 10.

A claim for breach of contract requires a plaintiff to demonstrate first the existence of a valid contract and second breach of the terms of the contract. *Poor v. Hill*, 138 N.C. App. 19, 26 (2000). Oak Grove's allegations and argument in its brief in support of the instant motion demonstrate a likelihood of success on this claim – there was a valid contract between the parties and Attwa has failed to comply with one of its essential terms. Attwa contends that Oak Grove cannot succeed on its breach of employment contract claim because the employment contract was replaced by a consulting agreement between Oak Grove and ANG Solutions, LLC, of which Attwa is the sole member. That contract is the subject of the suit pending in the Southern District of New York and forms the basis of Attwa's counterclaim in this case. *See* [DE 8-1]. However, the consulting agreement, assuming without deciding it can be construed as against Attwa personally, also contains a provision requiring the return of company documents on termination of the agreement or demand of Oak Grove. *Id.* § 5(b).

3

Oak Grove has demonstrated that it has demanded the return of its sensitive and proprietary documents and that Attwa has not complied. Accordingly, the Court determines that Oak Grove has demonstrated a likelihood of success on its breach of contract claim.

In this second motion, Oak Grove has demonstrated the existence of irreparable harm. *See* [DE 25] Gross Decl. After reviewing the emails in Attwa's possession and documents attached thereto, Oak Grove's founder and owner has determined that within the emails that remain in Attwa's possession are documents which include personally identifying information of Oak Grove's employees, including full copies of passports and social security numbers; Mr. Gross's own sensitive and personal financial documents and tax information; as well as confidential information of third-parties which Oak Grove is contractually required to keep confidential, including information governed by the International Traffic in Arms Regulation. *Id.*; 22 C.F.R. §§ 120-130.

Though Attwa argues that all of the information contained within the 98,000 emails is governed by a protective order issued in the Southern District of New York, that is insufficient to offset the risk that the security of the data could be breached while in Attwa's possession. *See, e.g., Purdy v. Burlington N. & Santa Fe Ry. Co.*, No. 0:98-CV-00833-DWF, 2000 WL 34251818, at *5 (D. Minn. Mar. 28, 2000) (threat of misappropriation of personally identifying information which could result in damage individuals' credit health demonstrated irreparable harm). In this motion, Oak Grove has demonstrated the existence of irreparable harm.

The balance of equities further tips in favor of Oak Grove. Attwa has come forward with no persuasive argument that he needs access to 98,000 emails and attachments which contain confidential information about Oak Grove, its employees, and its contracts with third parties. *See Capital One Fin. Corp. v. Sykes*, Civil Action No. 3:20cv763, 2021 U.S. Dist. LEXIS 128617, at

*42 (E.D. Va. July 9, 2021). Nor would Attwa be unduly burdened; the emails and documents remain in Oak Grove's possession and subject to the normal course of discovery. Indeed, Attwa has apparently already selected the documents he believes are relevant to his defense in the Southern District of New York litigation. Finally, courts in this circuit "recognize that '[p]ublic interest favors the protection of confidential business information and the enforcement of valid contracts'" *Id.*, 2021 U.S. Dist. LEXIS 128617, at *44 (citation omitted); *see also UBS Painwebber, Inc. v. Aiken*, 197 F. Supp. 2d 436, 448 (W.D.N.C. 2002).

Accordingly, the Court determines that Oak Grove has demonstrated that a preliminary injunction is warranted in this instance. Rule 65(c) of the Federal Rules of Civil Procedure requires the Court to consider whether plaintiffs should provide security in an amount sufficient to pay the costs and damages sustained by any party found to have been wrongfully enjoined. The Court, in its discretion, determines that a $1,000 security is appropriate.

II. Motion to dismiss

Oak Grove has also moved to dismiss Attwa's counterclaims. In his answer, Attwa has alleged two counterclaims against Oak Grove: breach of contract and declaratory judgment. Oak Grove has moved to dismiss each for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court

5

to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The breach of contract claim arises from a consulting agreement between a limited liability company wholly owned by Attwa, ANG Strategies LLC, and Oak Grove. [DE 8-1]. The consulting agreement became effective as of April 16, 2023. Attwa alleges that he is a party to the consulting agreement, or a third-party beneficiary, and that Oak Grove has breached the consulting agreement by failing to make a payment for compensation due pursuant to Section 2 of the consulting agreement.

Attwa is not a named party to the consulting agreement, which on its face is between Oak Grove and ANG Strategies, LLC. [DE 8-1]. Even assuming, without deciding, that he is a third-party beneficiary, the terms of Section 2 of the consulting agreement, under which Attwa seeks relief, expressly do not apply to Attwa. Rather, the parties agree in the consulting agreement that only Sections 3 and 6-21 apply to "Executive individually, as the owner of ANG Strategies, LLC." [DE 8-1] § 4. Attwa's counterclaim for affirmative relief under Section 2 of the consulting agreement is therefore properly dismissed.[1]

Attwa's declaratory judgment counterclaim is properly dismissed in part. Attwa seeks a declaration that the consulting agreement superseded the employment agreement, which is also his

---

[1] Moreover, the consulting agreement contains a mandatory forum selection clause requiring all claims thereunder to be brought in the courts in New York County, New York. [DE 8-1] § 11; *see also BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470-72 (4th Cir. 2018). Accordingly, to the extent that Attwa individually can bring a claim against Oak Grove under the consulting agreement, it appears that he must do so in the courts of New York County, New York.

6

defense to Oak Grove's claim that the employment agreement has been breached. The Court agrees with Oak Grove that a separate counterclaim on this issue is duplicative. Attwa further seeks a declaration regarding ownership of a Ferrari. In its civil embezzlement claim, Oak Grove seeks return of funds, including the Ferrari, as well as a constructive trust requiring Attwa to deliver the Ferrari to Oak Grove. Though Attwa's counterclaim regarding ownership of the Ferrari appears duplicative, he further seeks damages for loss of use of the Ferrari due to Oak Grove's assertion of ownership. This relief would not be granted should the Court find in Attwa's favor on Oak Grove's civil embezzlement claim, and thus Attwa's declaratory judgment claim regarding the Ferrari may proceed.

## CONCLUSION

Accordingly, for the foregoing reasons, Oak Grove's motion for preliminary injunction [DE 23] is GRANTED. Within seven (7) days of the date of entry of this order, Attwa is ORDERED to return to Oak Grove or destroy his copy of the approximately 98,000 emails that are the subject of Oak Grove's motion and Oak Grove shall post $1,000 as security with the Clerk of Court. Oak Grove's motion to seal [DE 26] portions of the Declaration of Mark Gross is GRANTED for the reasons stated therein. Oak Grove's motion to dismiss the counterclaims [DE 12] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this __8__ day of January 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE